IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRACY OSUOLALE,            ) | |
|                            ) | |
|         Plaintiff,         ) | |
|                            ) | |
|     v.                     ) | C.A. No. 25-930 (MN) |
|                            ) | |
| LVNV FUNDING, LLC,         ) | |
|                            ) | |
|         Defendant.         ) | |

**MEMORANDUM OPINION**

Tracy Osuolale, Bear, Delaware – Pro Se Plaintiff

Michael C. Heyden, Jr., and Joseph E. Brenner, GORDON RESS SCULLY MANSUKHANI LLP, Wilmington, Delaware – Counsel for Defendant LVNV Funding, LLC

February 2, 2026
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On June 11, 2025, pro se Plaintiff Tracy Osuolale, initiated this action by filing a Complaint in the Court of Common Pleas of the State of Delaware in and for New Castle County alleging violations of (1) the Fair Debt Collection Practices Act, 15 U.S.C. §§1692g(b) & 1692e(8) ("FDCPA") and (2) the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) ("FCRA") and "attempt[ing] collection without proper validation or supporting authority."[1]  (D.I. 1-1). Defendant LVNV Funding, LLC ("Defendant") removed the case to this Court as "district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. §1331.  (D.I. 1).  Presently pending before the Court are Defendant's Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (D.I. 4, 5)[2] and Plaintiff's Motion to Remand to State Court (D.I. 8).

**I.     BACKGROUND**

According to the Complaint, on or about April 7, 2025, Plaintiff "issued a formal Notice of Dispute and Demand for Validation and Verification of a purported debt account that Defendant is reporting to the national credit reporting agencies ('CRAs') under the name LVNV Funding, LLC, via Resurgent Capital Services."  (D.I. 1-1 at 5).  Plaintiff's notice and demand alleged FDCPA and FCRA violations and "included a detailed Declaration of Validation Disclosure Form."  (*Id.*).

---

[1] Plaintiff claims that Defendant "failed to validate the alleged debt upon demand, as required under 15 U.S.C. §1692g(b)". (D.I. 1-1 ¶ 18).  Therefore, all causes of action in the complaint arise under the FDCPA and the FCRA.

[2] Although ordered to do so (D.I. 7), Plaintiff has not filed a response to the Motion to Dismiss.  Instead, on October 10, 2025, she filed her Motion to Remand.  Defendant timely filed an answering brief in opposition to Motion to Remand.  (D.I. 9).

Defendant "responded generically," acknowledged Plaintiff's dispute, and failed to provide documents or records demanded by Plaintiff. (*Id.*). Plaintiff believes that this amounted to "unlawful conduct," in violation of the FDCPA and FCRA, which has interfered with Plaintiff's pending home mortgage application and caused Plaintiff financial harm. (*Id.* at 5-6).

Based on the foregoing, Plaintiff seeks $10,000 in monetary damages and "immediate and permanent deletion of the tradeline related to the alleged LVNV Funding, LLC account from all consumer reporting agencies," among other forms of relief. (*Id.* at 7-8).

## II. LEGAL STANDARD

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

Because Plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  DISCUSSION

Upon review and consideration, this Court finds that the Complaint fails to state a claim upon which it may grant relief. (D.I. 1-1). The Complaint's statement of facts is deficient, and no violation of the FDCPA or the FCRA can be reasonably inferred without more. Regarding Plaintiff's FDCPA claims, as Defendant asserts in briefing, the Complaint does not show that Defendant is a debt collector, that Defendant did not appropriately validate Plaintiff's debt, or that Defendant engaged in inappropriate debt collection practices. (D.I. 5 at 10-16). As to Plaintiff's FCRA claims, the Complaint does not allege that the Defendant reported inaccurate information to a credit reporting agency, state what the information was, show why it was inaccurate, or indicate when Plaintiff discovered it.

As such, this Court will grant Defendant's Motion to Dismiss. (D.I. 4). Plaintiff will be given an opportunity to amend her Complaint to cure its deficiencies and state a claim upon which this Court may grant relief.

The Court now turns to Plaintiff's Motion to Remand. First, Defendant challenges the timeliness of Plaintiff's motion. Pursuant to 28 U.S.C. § 1447(c), a motion to remand generally must be filed within thirty (30) days after the filing of the Notice of Removal. Plaintiff filed her motion on October 10, 2025, seventy-eight days after the Notice of Removal was docketed. Plaintiff, however, asserts that she did not receive notice of the removal until September 12, 2025

and that the Notice of Removal was not docketed by the Court of Common Pleas until September 12, 2025 and, therefore, her remand motion is timely.[3]

Conversely, Plaintiff asserts that the Notice of Removal was untimely. Service of process was complete on June 24, 2025, but approximately 80 days after service, and in violation of 28 U.S.C. § 1446(b) (setting a thirty (30) day deadline) (*Id*. ¶¶ 8, 9), Defendant filed the Notice of Removal. The Notice of Removal, however, is dated July 24, 2025, and the matter was opened in this Court on that date. (D.I. 1). Attached as an exhibit to the Notice of Removal is a Notice of Filing of Notice of Removal captioned with the Court of Common Pleas caption and a certificate of service indicating service on Plaintiff via United States Mail on July 24, 2025. (D.I. 1 ¶ 11, D.I. 1-3). The Court therefore concludes that the Notice of Removal was timely filed notwithstanding the confusion in the Court of Common Pleas.

Plaintiff goes on to assert that her "Complaint also implicates Delaware state law protections, including but not limited to the Delaware Consumer Fraud Act, 6 Del. C. § 2513, and the Uniform Deceptive Trade Practices Act, 6 Del. C. § 2532." (D.I. 8 ¶ 2). A review of the Complaint, however, does not reveal any such allegations. The only allegations in the Complaint are those relating to the FDCPA and FCRA. As such, Plaintiff's Motion to Remand will be denied.

## IV.    CONCLUSION

For the reasons set forth above, the Court will grant Defendant's motion to dismiss (D.I. 4) and deny Plaintiff's motion to remand (D.I. 8). An appropriate Order will be entered.

---

[3] Attached as Exhibit A to Plaintiff's Motion for Remand is a certified copy of the Court of Common Pleas docket. (D.I. 8-1). According to that docket, the Notice of Removal was docketed on September 12, 2025 at 9:28 a.m. Defendant's opposition sets forth the history of attempting to file the Notice with the Court of Common Pleas. (D.I. 9 at 2-4). Due to the seemingly perfect storm of events causing confusion about the date of filing of the Notice, the Court will accept the Motion for Remand as timely filed.